COMMONWEALTH *vs.* JOSEPH S. STAVROS. November 10, 1976. The defendant was convicted of carrying a firearm under his control in a vehicle without being properly licensed, in violation of G. L. c. 269, § 10, as amended through St. 1973, c. 588. The defendant appeals pursuant to G. L. c. 278, §§ 33A-33G. He has propounded nine assignments of error; the two principal assignments relate to (1) the denial of the defendant's motion to suppress a revolver seized in the glove compartment of a car in which he was a passenger and (2) the allowance in evidence of his confession regarding his ownership of the revolver. 1. Our first consideration is whether the officer had the requisite prob-

able cause to justify his search of the glove compartment. The criterion here is that the officer "conducting the search have 'reasonable or probable cause' to believe that . . . [he] will find the instrumentality of a crime or evidence pertaining to a crime before . . . [he begins his] warrantless search." *Dyke* v. *Taylor Implement Mfg. Co., Inc.* 391 U. S. 216, 221 (1968). At the time that the officer commenced his search of the glove compartment he had lawfully amassed the following information: he had observed the vehicle travelling in an erratic pattern; he had observed the driver of the vehicle commit a traffic violation; he had stopped the vehicle and recognized the driver as a man who he believed had previously been convicted of armed robbery; upon request, the driver had been able to produce a driver's license and a purported bill of sale but unable to produce a registration certificate for the vehicle; the number on the license plate differed from the vehicle registration number on the vehicle inspection sticker; and Registry of Motor Vehicles records (checked by radio communication) indicated that the owner of the vehicle corresponding to the registration number on the inspection sticker was neither the operator nor the person listed as transferor on the bill of sale which the driver had tendered to the police officer. Viewing this information from a neutral perspective (see *Spinelli* v. *United States,* 393 U. S. 410, 415 [1969]), the judge found that the officer searched the glove compartment in the reasonable beliefs that the car had been stolen and that the search would yield evidence of the true ownership. See *Commonwealth* v. *Haefeli,* 361 Mass. 271, 281 (1972). Those findings were warranted by the evidence and clearly correct. *Haefeli* v. *Chernoff,* 526 F.2d 1314, 1316-1318 (1st Cir. 1975). The requirement that there be such exigent circumstances that securing a warrant would be impracticable was satisfied by the potential mobility of the vehicle (see *Chambers* v. *Maroney,* 399 U.S. 42, 51 [1970]) in the context of a situation in which the officer did not know who owned the car and could reasonably fear that, if he took no action, the driver could move the car out of the jurisdiction at a moment's notice. See *Commonwealth* v. *Rand,* 363 Mass. 554, 559-561 (1973); *Commonwealth* v. *Avery,* 365 Mass. 59, 63-65 (1974); *Commonwealth* v. *Antobenedetto,* 366 Mass. 51, 54-55 (1974); *Commonwealth* v. *Pignone,* 3 Mass. App. Ct. 403, 409-414 (1975), and cases cited therein. The judge was thus correct in ruling that the revolver had not been illegally seized. 2. As the revolver had been seized during the course of a lawful search, the defendant's confession at the police station was not rendered inadmissible as "fruit of the poisonous tree." *Wong Sun* v. *United States,* 371 U.S. 471 (1963). Compare *Commonwealth* v. *Fielding,* 371 Mass. 97, 113-115 (1976). Contrast *Brown* v. *Illinois,* 422 U.S. 590, 600-604 (1975). 3. After the defendant had been arrested[1] he was given his Miranda warnings; however, he chose not to make a statement at that time. There was evidence from which the judge could have found that the defendant subsequently and voluntarily sought out the police to make a statement about the incident upon which his arrest had been based. There was no requirement that the police repeat the previously given Miranda warnings. *Commonwealth* v. *Black, ante,* 512, 516 (1976). See *Commonwealth* v. *Frongillo,* 359 Mass. 132, 135-136 (1971). Compare *Michigan* v. *Mosley,* 423 U.S. 96, 100-104 (1975). 4. Each of the

---

[1] No question has ever been raised as to the validity of the arrest.

Rescript Opinions.

defendant's other assignments of error is either without merit or not based on an exception (see *Commonwealth* v. *Myers,* 356 Mass. 343, 346 [1969], and cases cited therein). Therefore, we do not discuss any of them.

*Judgment affirmed.*

*Joseph Sax* (*Eric A. Nissen* with him) for the defendant.

*Mark A. McComiskey, Jr.,* Assistant District Attorney, for the Commonwealth.